IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON BROWN, JR. #332527 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. RDB-14-1885 |
| | * | |
| SERGEANT LAWHORNE | * | |
| | * | |
| Defendant. | * | |
| | *** | |

### MEMORANDUM OPINION

Pending is self-represented plaintiff Aaron Brown, Jr.'s ("Brown") Complaint filed pursuant to 42 U.S.C. § 1983, which he supplemented at direction of this Court. (ECF 1-3). Defendant Sergeant Lawhorne ("Lawhorne"), by his counsel, has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment with declarations and exhibits. (ECF 23).[1] Plaintiff was provided an opportunity to file an opposition reply but has not done so. (ECF 24, 26, 27).

After considering the pleadings, exhibits, and applicable law, this Court finds a hearing is unnecessary, *see* Local Rule 105.6 (D. Md. 2014), and the matter is ripe for disposition. For reasons to follow, Defendant's Motion to Dismiss (ECF 23) will be GRANTED.

### BACKGROUND

In ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to Brown. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a plaintiff filing *pro se* is held to "less stringent standards" than is a lawyer, and the Court must liberally

---

[1] The subject Motion is treated as a Motion to Dismiss, and not addressed alternatively as a Motion for Summary judgment.

construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a pro se plaintiff alleges civil rights violations).

### A. BROWN'S ALLEGATIONS

Brown, who was, at the time of the incident at issue, an inmate at the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland,[2] alleges that on April 20, 2014, during the 12:00 am to 8:00 am shift, Lawhorne pulled him aside after recreation and asked him "how is the situation coming along." (ECF 1, p. 2). Brown interpreted the question as referring to a lawsuit [3] he had filed and responded to Lawhorne that it was "none of his business" whereupon Lawhorne allegedly threatened Brown with handcuffs held like brass knuckles, called him racial epithets, and vocally informed other inmates on the housing tier that Brown was a "snitch" and would "rat" them out. *Id*. at 3. *Id*. Brown claims he feared that Lawhorne would hit him, and his safety was threatened by other inmates after he was called a "snitch." *Id*. at 3-4.

Brown claims later that morning, Lawhorne came to his cell door and apologized for his "harsh words." *Id*. at 4. Brown accepted the apology, but stated he would never forget Lawhorne's comments. *Id*. Brown avers that Lawhorne tried to "bribe" him with a tray of food from the Officers' Dining Room, but he refused. *Id*. Brown claims Lawhorne then offered to make money appear in Brown's inmate account, but Brown refused the offer. Lawhorne allegedly asked Brown to keep the matter between them. *Id*.

---

[2] Brown has since been transferred to the Patuxent Institution. (ECF 23, Ex 3, p. 2).

[3] This references the lawsuit Brown filed in this Court against various correctional officials, including Lawhorne, in *Brown v. Morgan* (RDB-14-478). That case is under review.

Brown alleges that he tried to raise his concerns by giving an Administrative Remedy Procedure request ("ARP") on April 22 2014, to Sergeant T. Ricker,[4] the housing unit supervisor, but avers corrections officers would not process the ARP.

As relief, Brown requests that Lawhorne be removed from his job.  Brown also seeks $3.5 million in damages for placing his life in danger, acting unprofessionally, and defaming his character.  *Id*. at 5-6.

### B. DEFENDANT'S RESPONSE

Lawhorne has also filed a declaration executed by Scott S. Oakley, Executive Director of the Inmate Grievance Office ("IGO"), attesting that Brown has filed only one grievance since April 20, 2014: IGO No. 20141491 (filed July 15, 2014).  Brown filed IGO No. 20141491as an appeal from ARP MCTC-0513-14 alleging that correctional officer Roach placed handcuffs on him too tightly and called him a racial slur. *Id*.

Lawhorne also avers that Brown filed four ARP requests while at MCTC,  None concerned the alleged April 22, 2014, incident. (ECF 23, p.p. 5-6; *see also* Exhibit 3).

Lawhorne denies engaging in any of the actions Brown alleges. (ECF 23, Ex. 1). Specifically, Lawhorne denies: 1) speaking with Brown to convince him to dismiss *Brown v Morgan*, Civil Action No. RDB-14-478; 2) screaming at Brown or calling him racial epithets; 3) threatening Brown with physical violence; and 4) calling out to other inmates that Brown was a "snitch." *Id*.  Lawhorne denies apologizing to Brown for these alleged actions or attempting to bribe him to keep the incident private. *Id*.  Lawhorne asserts Brown filed this Complaint to harass him or to attempt to alter his position or statements with respect to Civil Case No. RDB-14-478. *Id*.

---

[4] Sergeant Ricker is not a Defendant in this case.

Lastly, Brown's verified prison records do not reveal that he sustained any serious physical injury during the time he was housed at MCTC. On August 28, 2014, Plaintiff was transferred to the Patuxent Institution. (ECF 23, Ex 3, p. 2).

## DISCUSSION

Lawhorne raises four affirmative defenses: 1) Brown's failure to exhaust administrative remedies;[5] 2) Brown's failure to state a cognizable constitutional claim; 3) sovereign immunity; and 4) qualified immunity. As noted, Brown has not filed an opposition reply despite the opportunity to do so.

### A. STANDARD OF REVIEW

#### 1. RULE 12(B)(1) STANDARD

A party may move to dismiss a claim pursuant to Fed.R.Civ.P. 12(b)(1), which provides that a party may assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW–09–2526, 2010 WL 3086498, at *3 (D. Md. Aug.6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). If the defendant alleges as much, then "the Court may ... consider matters beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[ ] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir.1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

---

[5] Lawhorne, by his counsel, moves for dismissal solely under Fed. R. Civ. P 12(b)(6). However, by raising failure to exhaust administrative remedies as an affirmative defense, he implicates the jurisdiction of this Court to hear this matter under Fed. R. Civ. P. 12(b)(1).

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El–Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB–10–3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.' " *El–Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

## 2. RULE 12(B)(6) STANDARD

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id*. at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos*., 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted)

### B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a).  This requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

In Maryland, the ARP involves a three-step process: the inmate files a request for remedy with the warden, then appeals a denial to the Commissioner of Correction, and lastly appeals any subsequent denial to the Inmate Grievance Office ("IGO"). Md. Code Regs. § 12.07.01.05(B); *Chase v. Peay*, 286 F. Supp. 2d 523, 529 (D. Md. 2003) (describing the process).

The purpose of the  exhaustion requirement is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent

complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Blake v Ross*, CA4 No. 13-7279, p. 10, (4th Cir. May 21, 2015), citing *Jones v. Bock*, 549 U.S. 199, 219 (2007).

In response to Brown's claim that he filed an ARP about the purported April 20, 2014, incident, but MCTC correctional officers would not process it, Lawhorne counters that Brown filed four unrelated ARPs during the time he was housed at MCTC to contradict this claim. (ECF 23, p. 11). Moreover, Brown has neither provided an affidavit or other documentation to substantiate his claim that officers stymied his attempt to pursue his claim through the ARP process, nor to controvert the Lawhorne's response. Accordingly, the Complaint will be dismissed for lack of jurisdiction under Fed. R. Civ. Proc. 12(b)(1). For reasons to follow, even if Brown had properly exhausted his administrative remedies, his claims would fail for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### C.  FAILURE TO STATE A CLAIM

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker*, 443 U.S. at 144 n. 3).

### 1. VERBAL HARASSMENT AND THREATS

The gravamen of Brown's Complaint is Lawhorne threatened and verbally harassed him, allegations which are categorically denied by Lawhorne in his uncontroverted declaration. To be sure, use of threats and racial slurs by corrections officers without more does not state a federal claim. *Collins v. Cundy*, 603 F.2d 825, 82 (10th Cir. 1979). "[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Mere verbal abuse and taunting inmates by guards, including aggravating language, does not state a constitutional claim. *See McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (stating "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"). Verbal harassment and aggravating language, without more, do not amount to a constitutional violation. *See Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980); *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973). Notably, Brown does not allege that he actually suffered any physical harm as a consequence of Lawhorne's purported actions and comments. Brown's conclusory and unsubstantiated assertions of harassment do not support a cognizable cause of action under § 1983.

### 2. RETALIATION

To the extent Brown intends to raise a retaliation claim for his filing a law suit against corrections officers, his self-serving, uncorroborated claims of harassment are insufficient to state a cognizable constitutional claim. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (claim of retaliation is not supported by conjecture); *see also Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir.1987) ("'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'") (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir.

1983)); *Pierce v. King*, 918 F.Supp. 932, 945 (E.D.N.C.1996) (conclusory allegations of retaliation insufficient to state claim).

### 3. FAILURE TO PROTECT

A Plaintiff must establish that a Defendant exhibited deliberate or callous indifference to a specific known risk of harm in order to prevail on an Eighth Amendment claim of failure to protect from violence. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). An inmate has an Eighth Amendment right to be protected from violence perpetrated by other prisoners. *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014); *see Farmer v. Brennan,* 511 U.S. 825, 833–35 (1994). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer* 511 U.S. at 833–34 (citations omitted).    The Fourth Circuit has explained,

> An Eighth Amendment claim of this nature requires proof of two elements to establish *deprivation of a constitutional right. [Farmer, 511 U.S.] at 834; Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010). First, a prisoner must establish a serious deprivation of his rights in the form of a "serious or significant physical or emotional injury."[ ] *Brown*, 612 F.3d at 723; *see also De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013). . . . The second element … requires that a plaintiff show that the prison official allegedly violating the plaintiff's constitutional rights had a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (citation and internal quotation marks omitted). In this context, the required state of mind that must be established is a "deliberate indifference to inmate health or safety." *Id*. (citations omitted).

*Danser,* 772 F.3d at 346-47.

A prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837; *see Rich v. Bruce*, 129 F.3d 336, 339–40 (4th Cir. 1997). However, if a risk is obvious, a prison official "cannot hide behind an excuse that he was unaware of a risk, no matter

9

how obvious." *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995). A prison official's subjective actual knowledge [of a risk] can be proven through circumstantial evidence...." *Makdessi v. Fields*, _ F.3d _, 2015 WL 1062747, *6 (4th Cir. March 12, 2015).

Brown does not claim that he actually was physically harmed nor does he particularize any resultant assaults against him; thus, he cannot meet the first element of the *Farmer* test. Further, apart from his own unsubstantiated allegations, there is no indication that Lawthorne actually uttered the statements Brown attributes to him. To the contrary, Lawhorne denies calling out to other inmates that Brown was a "snitch," and would "rat" them out. (ECF 23-2, ¶ 6). As noted, Brown provides no evidence to refute Lawhorne's declaration. Simply put, there is no evidence, apart from Brown's conclusory and self-serving allegation that Lawhorne made the statements alleged or acted with requisite deliberate indifference to a significant risk of harm to Brown.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for failure to exhaust administrative remedies will be granted. The Complaint will be dismissed without prejudice by Order to follow.

May 28, 2015   _____/s/_____
Date                      RICHARD D. BENNETT
                     UNITED STATES DISTRICT JUDGE